Opinion issued December 11, 2008












In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-07-00892-CR
          01-07-00893-CR
____________

QUINTIN WOODS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court 
Harris County, Texas
Trial Court Cause Nos. 1004608 and 1095514



 
MEMORANDUM OPINION
          Appellant, Quintin Woods,


 pleaded guilty, in cause number 1004608, to the
offense of possession of a controlled substance with intent to deliver. The trial court
deferred a finding of guilt, placed appellant on community supervision for a period
of three years and assessed a fine of $100. Appellant was subsequently charged and
indicted for a new law violation, in cause number 1095514, for the felony offense of
possession of a controlled substance with intent to deliver cocaine, and filed a motion
to suppress. The State filed a motion to adjudicate, in cause number 1004608, that
was based in part on the subsequent law violation of possession of a controlled
substance with intent to deliver cocaine.  

           The trial court consolidated the hearings for the state’s motion to revoke
probation in cause number 1004608 and appellant’s motion to suppress evidence in
cause number 1095514.

          After hearing evidence, the trial court denied appellant’s motion to suppress,
and the trial court granted the State’s motion to adjudicate guilt after finding that
appellant had violated community supervision by committing the law violations of
evading detention and possession of cocaine. The trial court found appellant guilty
of the offense of possession of a controlled substance with intent to deliver, in cause
number 1004608, and sentenced appellant to confinement for 10 years.

          Following the hearing, appellant pleaded guilty to the reduced charge of
possession of a controlled substance, and the trial court sentenced appellant, in cause
number 1095514, to confinement for two years.

           Appellant gave notice of appeal in each case. We affirm.

          Appellant’s counsel on appeal has filed a brief stating that the records present 
no reversible error, that the appeals are without merit and are frivolous, and that the
appeals must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App. 1978). 

          Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of his right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel’s brief, we agree that the appeals are frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005). 

          We affirm the judgments of the trial court and grant counsel’s motion to
withdraw.


 

PER CURIAM

Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).